FILED
CLERK
3/3/2016 11:40 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DESKCENTER USA, INC.,

        Plaintiff,

   -against-

DESKCENTER SOLUTIONS, AG,

        Defendant.
------------------------------------------------------------------X

**ORDER**
14-CV-5295 (SJF)(GRB)

FEUERSTEIN, District Judge:

    Pending before the Court are objections by plaintiff Deskcenter USA, Inc. ("plaintiff") to so much of a Report and Recommendation of the Honorable Gary R. Brown, United States Magistrate Judge, dated February 11, 2016 ("the Report"), as recommends that the motion of defendant Deskcenter Solutions, AG ("defendant") seeking dismissal of this action based upon a forum selection clause be granted. For the reasons stated herein, the Report is accepted in its entirety.

I.    DISCUSSION

    A.    Standard of Review

    Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b); see Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002). Any portion of a report and recommendation on dispositive matters to which a specific, timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). However, the court is not required to review the factual findings or legal conclusions of the

1

magistrate judge as to which no proper objections are interposed.  See Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives [judicial] review of a decision in a magistrate judge's report and recommendation if the party fails to file timely objections designating the particular issue."); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point.")

Objections to a magistrate judge's report and recommendation "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." McDonaugh v. Astrue, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (quotations and citation omitted); see also Phillips v. Reed Grp., Ltd., 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (holding that objections must be specific and "address only those portions of the proposed findings to which the party objects." (quotations and citation omitted)).  General objections, or "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke de novo review * * * [because] [s]uch objections would reduce the magistrate's work to something akin to a meaningless dress rehearsal." Owusu v. New York State Ins., 655 F. Supp. 2d 308, 313 (S.D.N.Y. 2009) (alterations, quotations and citations omitted); see also Phillips, 955 F. Supp. 2d at 211 (accord); Butto v. Collecto, Inc., 290 F.R.D. 372, 379 (E.D.N.Y. 2013) ("In a case where a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." (quotations and citation omitted)).  To accept the report and recommendation of a magistrate judge to which such general or

2

perfunctory objections are made, or to which no specific, timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record. See Fed. R. Civ. P. 72(b); Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 174 (2d Cir. 2000) (a court may review a report to which no timely objection has been interposed to determine whether the magistrate judge committed "plain error."); Sibley v. Choice Hotels Int'l, Inc., 304 F.R.D. 125, 129 (E.D.N.Y. 2015) ("[I]f a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." (quotations and citation omitted)); accord VOX Amplification Ltd. v. Meussdorffer, 50 F. Supp. 3d 355, 370 (E.D.N.Y. 2014).

Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); see Sentry Ins. A Mut. Co. v. Brand Mgmt., Inc., 295 F.R.D. 1, 2 (E.D.N.Y. 2013); North Shore-Long Island Jewish Health Care Sys., Inc. v. MultiPlan, Inc., 953 F. Supp. 2d 419, 424 (E.D.N.Y. 2013).

B. Objections

Plaintiff does not assign any specific error to any of Magistrate Brown's findings or conclusions in the Report. Rather, plaintiff merely reiterates its original arguments considered and rejected by Magistrate Judge Brown, and "respectfully disagrees" with Magistrate Judge Brown's finding that it "failed to meet its burden that the discovery cannot be obtained in Germany without undue hardship." (Plf. Obj. at 3). As plaintiff fails to make any specific, timely objection to the Report, and defendant has not objected to so much of the Report as

recommends that its motion for attorneys' fees be denied, I review the Report in its entirety only for clear error. There being no clear error on the face of the Report, the Report is accepted in its entirety.[1] For the reasons set forth in the Report, defendant's motion seeking dismissal of this action based upon a forum selection clause is granted; this action is dismissed in its entirety without prejudice to renewal in the German court; and defendant's motion for attorneys' fees is denied.

II.     CONCLUSION

For the reasons set forth herein, the Report is accepted in its entirety and, for the reasons set forth in the Report, defendant's motion seeking dismissal of this action based upon a forum selection clause is granted; this action is dismissed in its entirety without prejudice to renewal in the German court; and defendant's motion for attorneys' fees is denied. The Clerk of the Court shall close this case.

SO ORDERED.

/s/
SANDRA J. FEUERSTEIN
United States District Judge

Dated: March 3, 2016
        Central Islip, New York

---

[1] In any event, even upon *de novo* review, plaintiff's arguments fail as, *inter alia*, plaintiff has not met its burden of "making a sufficiently strong showing that enforcement [of the forum selection clause] would be unreasonable or unjust," Starkey v. G. Adventures, Inc., 796 F.3d 193, 196 (2d Cir. 2015) (quoting Martinez v. Bloomberg LP, 740 F.3d 211, 217 (2d Cir. 2014)), i.e., that litigation in the German court "will be so difficult and inconvenient that [it] effectively will be deprived of [its] day in court." Martinez, 740 F.3d at 228 (quoting Phillips v. Audio Active Ltd., 494 F.3d 378, 392 (2d Cir. 2007)). Accordingly, Magistrate Judge Brown correctly found, *inter alia*, that "plaintiff has not overcome the presumption in favor of enforcement of the forum selection clause." (Report at 11).